IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MONIQUE S. CORBETT | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 08-2437** |
| JOHN POTTER, | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Monique Corbett has filed a Complaint alleging employment discrimination, i.e. disparate treatment by Defendant John Potter, Postmaster General of the United States Postal Service ("USPS"), in violation of her due process rights and Title VII of the Civil Rights Act of 1964, as amended.

Potter filed a Motion to Dismiss [Paper No. 14] asserting that Corbett failed to exhaust her administrative remedies and that the United States has not waived sovereign immunity from constitutional tort claims. Corbett asks the Court for a continuance to respond to the motion [Paper No. 17]. For the following reasons, Corbett's Motion for a Continuance is **DENIED**, and Potter's Motion to Dismiss is **GRANTED**.

I.

This is a federal sector employment discrimination case. At the time of the alleged discriminatory action, Corbett worked at the USPS South Maryland Processing & Distribution Center, in Capitol Heights, Maryland. In February 2007, she was demoted from the position of Supervisor, Distribution Operations, to that of Mailhandler. Following her demotion, on April 24, 2007, Corbett filed an appeal with the Merit Systems Protections Board ("MSPB"), alleging that

her demotion was discriminatory based on her race, sex, and color, and violative of her due process rights. After a hearing, an Administrative Judge at the MSPB, in an Initial Decision dated June 5, 2007, sustained the demotion. Corbett filed a petition for full Board review of the Initial Decision on July 9, 2007. On December 5, 2007, the MSPB issued a Final Order dismissing her petition for review and notifying her of her "right" to seek judicial review in the United States Court of Appeals for the Federal Circuit. Corbett did not pursue such an appeal.

While the MSPB review was pending and before the MSPB issued its Final Order, Corbett had filed a complaint with USPS Equal Employment Opportunity Office ("EEO") also alleging that USPS demoted her because of her race, color, and sex. Two days later, on September 14, 2007, the EEO dismissed her complaint on the grounds that it lack jurisdiction because she had already raised the same matters before the MSPB. Corbett appealed the dismissal of her EEO complaint to the EEOC. On January 31, 2008, the EEOC dismissed her complaint, affirming the finding of lack of jurisdiction because the same matters were already before the MSPB. The EEOC denied Corbett's request for reconsideration of its order on June 19, 2008 and notified her of her right to judicial review of its decision in a United States district court. Corbett filed her complaint in this Court on September 17, 2008, seeking review of the EEOC's decision that it lacked jurisdiction.[1]

In his Motion to Dismiss the action, Potter argues that the Court lacks subject matter jurisdiction to hear the case because: (1) Corbett failed to exhaust her administrative remedies; and (2) the Government has not waived its sovereign immunity from constitutional tort claims.

---

[1] Corbett does not appear to have appealed the decision of the MSPB, but for the sake of completeness, the Court will assume that that issue is also before it.

2

## II.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In making its determination, the court must take all well-pled allegations in a complaint as true and construe all factual allegations in the light most favorable to the plaintiff. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). The court need not, however, accept conclusory factual allegations devoid of any reference to actual events. *See E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III.

Federal sector employees may pursue a number of avenues to obtain administrative review of their employment discrimination claims. Specifically, a federal employee who alleges that an adverse employment action was motivated by discrimination may file either: (1) a mixed case complaint with the employee's EEO office; or (2) a mixed case appeal directly to the MSPB. An employee may not, however, avail herself of both remedies. 29 C.F.R. § 1614.302(a)(2). A binding election between the EEO and MSPB remedies occurs as soon as a formal petition is filed in either forum. *Id.*

Here, Corbett elected to pursue administrative review of her claims through the MSPB, a decision which became binding and effective on April 24, 2007 when she filed her MSPB appeal. Even though she filed a complaint with the EEO on September 12, 2007, the EEO correctly dismissed the action for lack of jurisdiction because the matter was already being handled by the MSPB. When the MSPB issued its Final Order on December 5, 2007 denying her petition for

3

review, it–incorrectly as it happens–notified her of her "right" to appeal its decision to the Court of Appeals for the Federal Circuit. In fact, because Corbett had filed a mixed claim, she had two options to obtain further review of MSPB's Final Order. Within thirty days of receiving the Final Order, she could either have appealed the discrimination claim to the EEOC, 5 C.F.R. § 1201.157, or, alternatively she could have appealed the entire claim, or any part of it, to the appropriate United States district court. 5 U.S.C. § 7703(b); 5 C.F.R. § 1201.175; 29 C.F.R. § 1614.310(b); *see also Butler v. West*, 164 F.3d 634, 639 (D.C. Cir. 1999).[2] Corbett, however, failed to choose either option because she did not appeal to the EEOC or to this Court within thirty days after the issuance of MSPB's Final Order issued on December 5, 2007. Because she did not file within the prescribed time for appealing MSPB's Final Order, her mixed claim is untimely and must be dismissed.[3]

### IV.

Corbett's motion for a continuance cannot salvage her claim. Additional time for her to retain counsel and respond to the Motion to Dismiss would not change the fact that her Complaint is untimely.

---

[2] The MSPB's notice of the right to appeal its decision to the Federal Circuit was correct only if Corbett sought to pursue her nondiscrimination claims. 5 U.S.C. § 7703(b)(1). That is not the case here.

[3] It is true that Corbett timely sought review in this Court of the decision of the EEOC to dismiss her complaint for lack of jurisdiction because she filed suit within 90 days of the EEOC's Final Order. However, as outlined above, Corbett chose administrative review of her mixed claim before the MSPB. Once she chose that option, she could not simultaneously submit a complaint before the EEO. See 29 C.F.R. § 1614.302(a)(2). The EEOC, therefore, properly dismissed her complaint for lack of jurisdiction.

V.

For the foregoing reasons, the Court **DENIES** Corbett's Motion for a Continuance [Paper No. 17], and **GRANTS** Potter's Motion to Dismiss [Paper No. 14].

A separate Order will issue.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

September 4, 2009